# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPHAEL RICKS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Defendant. | Case No.: 17-cv-1016-H-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 9] |

On May 17, 2017, Plaintiff Raphael Ricks ("Plaintiff") filed a complaint against Defendant United States of America ("Defendant"). (Doc. No. 1.) On October 17, 2017, Defendant filed a motion to dismiss Plaintiff's complaint. (Doc. No. 6.) Rather than oppose Defendant's motion, Plaintiff filed a first amended complaint on November 6, 2017. (Doc. No. 7.) On November 8, 2017, the Court denied Defendant's motion to dismiss as moot. (Doc. No. 8.) See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). On November 27, 2017, Defendant filed a motion to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 9.) On January 2, 2018, Plaintiff filed his opposition to the motion and requested that, in the event of dismissal, the Court grant him leave to amend the first amended complaint. (Doc. No. 11.) On January 9, 2017, Defendant replied to Plaintiff's opposition. (Doc. No. 12.)

For the following reasons, the Court grants in part and denies in part Defendant's motion to dismiss the first amended complaint.

# **BACKGROUND**[1]

In or around January 2010, Plaintiff applied to a county agency for food stamps. (Doc. No. 7 ¶ 9.) Plaintiff was told that, before he could qualify for food stamps, the United States Department of Veterans Affairs (the "VA") would have to verify his veteran disability status. (Id.) The county agency contacted "Gary," a VA nurse, who faxed to the county agency Plaintiff's medical and private information. (Id. ¶ 10.) This information was beyond the scope of the county agency's request regarding Plaintiff's veteran disability status. (See id.) Moreover, this information included an incorrect diagnosis of AIDS that Gary had rendered. (Id.) The county agency relayed the AIDS diagnosis to Plaintiff and told him that he had a few months to live. (Id. ¶ 11.) The VA had never previously informed Plaintiff that he had been diagnosed with AIDS.[2] (Id. ¶ 13.)

Plaintiff immediately called the VA, but the VA did not respond to Plaintiff for several days. (Id. ¶ 12.) "[B]elieving his life was going to end in a few months," Plaintiff suffered extreme emotional distress. (Id.) The VA eventually returned Plaintiff's phone call and told him that the AIDS diagnosis was incorrect. (Id.) On February 4, 2010, the VA sent Plaintiff a corrected letter of diagnosis removing the AIDS diagnosis from his medical records. (Id. ¶ 13.)

Plaintiff presented a claim to the VA in or around February 2010. (Id. ¶ 15.) In response to Plaintiff's follow-up over the next several months, the VA repeatedly informed Plaintiff that it was backlogged with claims but confirmed that it had received and was working on Plaintiff's claim. (Id. ¶ 16.) For years, Plaintiff received the same response from the VA, which never denied the claim. (Id.)

---

[1] The following facts are drawn from the first amended complaint and filings in this matter. Reviewing Defendant's motion to dismiss, the Court accepts as true all facts alleged in the first amended complaint and construes them in the light most favorable to Plaintiff. See Snyder & Assocs. Acquisitions LLC v. United States, 859 F.3d 1152, 1156-57 (9th Cir. 2017).

[2] The pleadings suggest that Plaintiff is HIV-positive. (See Doc. No. 11 at 2.)

In January 2015, Plaintiff again followed-up with the VA. (Id. ¶ 17.) Because Plaintiff's claim had been lost or misplaced, the VA asked Plaintiff to resubmit his claim. (Id.) Plaintiff resubmitted within the same month, (id.), and on March 3, 2015, the VA sent Plaintiff a letter confirming receipt of his claim, (id. ¶ 18). The VA denied Plaintiff's claim on January 11, 2016, and denied reconsideration on November 18, 2016. (Id. ¶ 19.) Although the VA concluded in its denial that Plaintiff's claim was time-barred, the VA admitted to Plaintiff's allegations. (Id. ¶ 20.) More specifically, the VA determined that Plaintiff had not given written consent for the release of his medical records on January 10, 2010, and that there had in fact been a breach. (Id.) The VA also noted a VA privacy officer's conclusion that a breach occurred in January 2010. (Id.)

On May 17, 2017, Plaintiff filed suit against Defendant for negligence pursuant to the Federal Tort Claims Act (the "FTCA"). (Doc. No. 1.) In the original complaint, Plaintiff alleged that Defendant had breached its duty of care by "negligently, carelessly and recklessly releasing medical records with the incorrect diagnosis, to wit, AIDS as opposed to HIV," and that Defendant had "failed in its duty to release medical records which are accurate." (Id. ¶¶ 13, 14.) On October 17, 2017, Defendant filed a motion to dismiss for lack of jurisdiction and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 6.)

Rather than respond to Defendant's motion, on November 6, 2017, Plaintiff filed a first amended complaint. (Doc. No. 7.) See Fed. R. Civ. P. 15(a)(1)(B) (permitting plaintiff to file an amended complaint as a matter of right within "21 days after the service of a motion under Rule 12(b)"). In the first amended complaint, Plaintiff alleges three causes of action against Defendant: one negligence claim pursuant to the FTCA and two claims pursuant to the Privacy Act of 1974 (the "Privacy Act"). (Doc. No. 7.) With respect to the negligence claim, Plaintiff alleges that Defendant breached its duty of care "by negligently, carelessly and recklessly documenting Plaintiff's medical records with the improper diagnosis of AIDS and disclosing Plaintiff's medical records and private information to a third party without Plaintiff's written consent." (Id. ¶ 24.) Moreover, Plaintiff alleges that

Defendant violated the Privacy Act in two ways: first, by failing to secure written authorization from Plaintiff before disseminating information protected by the Privacy Act, namely, "Plaintiff's medical records, private information, and inaccurate defamatory information regarding Plaintiff having AIDS with a few months to live"; and, second, by failing "to make reasonable efforts to ensure that the information and records were accurate, complete, timely and relevant for agency purposes" before disseminating the information. (Id. ¶¶ 29-30, 33.)

On November 27, 2017, Defendant filed a motion to dismiss the first amended complaint with prejudice pursuant to Rule 12(b)(1) and (b)(6). (Doc. No. 9.) Defendant contends that the FTCA's "intentional tort" exception bars Plaintiff's negligence claim. (Doc. No. 9-1 at 3-6.) As for the Privacy Act claims, Defendant argues that those claims are untimely and that, because Plaintiff has not alleged any economic damages arising out of the alleged Privacy Act violations, Plaintiff has not alleged the "actual damages" necessary to state a claim for violation of the Privacy Act. (Id. at 6-9.) Because "Plaintiff has not shown that another amendment to the complaint is warranted," Defendant concludes, the Court should dismiss without leave to amend. (Doc. No. 12 at 4.)

## LEGAL STANDARDS

### I.  Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction.

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," while "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. The party asserting subject matter jurisdiction bears the burden of establishing it. K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1027 (9th Cir. 2011) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

Here, despite Plaintiff's assertion to the contrary, (Doc. No. 11 at 5), Defendant makes a facial, rather than factual, attack in its motion to dismiss, (Doc. No. 12 at 2-3).

## II. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party," Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008), the Court need not accept as true legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 679, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

## III. Rule 15(a) and Amendments Before Trial.

"After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)). When evaluating a request for leave to amend, the Court considers five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). Absent prejudice—the factor carrying greatest weight—"or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052.

Exercising its discretion to grant or deny leave to amend, the Court "must be guided by the underlying purpose of Rule 15," that is, "to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, 316 F.3d at 1052.

//

# DISCUSSION

## I. The Court Has Subject Matter Jurisdiction Over Plaintiff's FTCA Claim to the Extent Plaintiff Alleges Defendant Committed Operational Error.

Defendant contends that the Court lacks subject matter jurisdiction over Plaintiff's negligence claim because the United States has not waived sovereign immunity with respect to claims arising out of negligent misrepresentation. (Doc. No. 9-1 at 4.) The "essence" of Plaintiff's negligence claim, Defendant argues, is "the conveyance of inaccurate information—a misrepresentation claim." (Id.) Plaintiff counters that the claim is indeed one for negligence, specifically "the Government's negligent conduct in disclosing plaintiff's medical information" without Plaintiff's authorization. (Doc. No. 11 at 7-8.)

The FTCA "waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees." D.L. ex rel. Junio v. Vassilev, 858 F.3d 1242, 1244 (9th Cir. 2017). Nevertheless, Section 2680 of the FTCA "provides for several exceptions that 'severely limit[]' the FTCA's waiver of sovereign immunity." Snyder & Assocs. Acquisitions LLC v. United States, 859 F.3d 1152, 1157 (9th Cir. 2017) (quoting Morris v. United States, 521 F.2d 872, 874 (9th Cir. 1975)). The district court lacks subject matter jurisdiction if a plaintiff's tort claim falls within one of Section 2680's exceptions. Morris, 521 F.2d at 874. Pertinent here, Section 2680's exceptions include claims "arising out of" willful or negligent misrepresentation. See 28 U.S.C. § 2680(h); Snyder, 859 F.3d at 1160 (citing United States v. Neustadt, 366 U.S. 696, 702 (1961)). Generally speaking, "Section 2680(h) bars claims that focus on the government's failure to use due care in communicating information, not actions focused on breach of a different duty." Id. (citing Block v. Neal, 460 U.S. 289, 297 (1983)). Indeed, "[t]he Government is liable for injuries resulting from negligence in performance of operational tasks even though misrepresentations are collaterally involved." Mundy v. United States, 983 F.2d 950, 952 (9th Cir. 1993) (quoting United States v. Fowler, 913 F.2d 1382, 1387 (9th Cir. 1990)).

To determine whether Section 2680 bars a proposed claim, the Court "looks beyond the labels," Thomas-Lazear v. FBI, 851 F.2d 1202, 1207 (9th Cir. 1988), and evaluates the alleged "conduct on which the claim is based," Mt. Homes, Inc. v. United States, 912 F.2d 352, 356 (9th Cir. 1990). Thus, where a plaintiff's claim alleges negligence but "is actually a claim for 'misrepresentation,'" Section 2680 will bar the claim. Alexander v. United States, 787 F.2d 1349, 1350-51 (9th Cir. 1986).

Here, Plaintiff's negligence claim is partly based on the communication and documentation of false information. See Mt. Homes, 912 F.2d at 356. In the first amended complaint, Plaintiff alleges that he suffered "serious emotional distress" because Defendant incorrectly informed a county agency, which in turn informed Plaintiff, that Plaintiff had been diagnosed with AIDS. (Doc. No. 7 ¶¶ 9-12.) In light of the reported AIDS diagnosis, Plaintiff believed his life was going to end in a matter of months. (Id. ¶ 12.) Plaintiff also alleges that Defendant negligently "document[ed] Plaintiff's medical records with the improper diagnosis of AIDS." (Id. ¶ 24.) In this respect, the alleged breach at issue was of Defendant's "duty to use due care in obtaining and communicating information upon which" Plaintiff could reasonably have been expected to rely. See Alexander, 787 F.2d at 1351 (quoting Neustadt, 366 U.S. at 706-07). Thus, insofar as Plaintiff alleges negligence based on Defendant's documentation and communication of the false AIDS diagnosis, his negligence claim "fits squarely into the category of 'negligent misrepresentation,'" see id., and is, therefore, barred under Section 2680(h).

Yet Plaintiff also alleges that Defendant negligently released his medical and private information to a third party without obtaining his written consent. (Doc. No. 7 ¶ 24.) According to the first amended complaint, although the VA denied Plaintiff's claim as time-barred, the agency admitted to Plaintiff's allegations and determined that Plaintiff had not given written consent for the release of his medical records to the county agency in January 2010. (Id. ¶ 20.) Because Section 2680(h) does not foreclose claims based on "negligence and performance of operational tasks even though misrepresentations are collaterally involved," Mundy, 983 F.2d at 952, the Court may hear Plaintiff's negligence

claim to the extent it is based on the theory that Defendant negligently performed an operational task by making an unauthorized disclosure of Plaintiff's medical and private information.

In sum, the Court concludes that it does have subject matter jurisdiction over Plaintiff's FTCA claim, as pleaded in the first amended complaint, to the extent Plaintiff alleges that Defendant negligently performed its operational duties.[3]

## II. Plaintiff's Privacy Act Claims Are Time-Barred.

Defendant also moves for dismissal of Plaintiff's Privacy Act claims on two grounds. (Doc. No. 9-1 at 6-8.) First, Defendant argues that Plaintiff's claims are untimely, and, second, that Plaintiff has not alleged the "actual damages" necessary to plead a Privacy Act claim. (Id. at 8.) In its opposition brief, Plaintiff does not respond to either of Defendant's arguments or defend his Privacy Act claims at all. (See Doc. No. 11.) Because the Court determines that Plaintiff's Privacy Act claims are untimely based on the allegations in the first amended complaint, the Court does not reach the issue whether Plaintiff has successfully pleaded a Privacy Act claim.

The Privacy Act regulates federal agencies' "collection, maintenance, use, and dissemination of information" and provides for civil relief to individuals aggrieved by the government's failure to comply with its requirements. Doe v. Chao, 540 U.S. 614, 618 (2004); see FAA v. Cooper, 566 U.S. 284, 287 (2012). "Broadly speaking, there are two types of Privacy Act claims: 'accuracy' claims and 'access' claims." Rouse v. U.S. Dep't of State, 567 F.3d 408, 413-14 (9th Cir. 2009). Relevant here, an "accuracy" claim arises under the provision that, "prior to disseminating any record about an individual to any

---

[3] In its motion to dismiss, Defendant briefly argues that Plaintiff's negligence claim is untimely. (See Doc. No. 9-1 at 3 n.1 ("The VA's records show that the administrative claim was received in March 2015, and the United States believes that discovery will confirm that Plaintiff's claim is untimely."); see also Doc. No. 12 at 2 n.1.) But because Defendant explicitly does not move for dismissal of Plaintiff's FTCA claim as untimely, (id.), the Court does not reach this potential jurisdictional ground for dismissal. For purposes of this motion, the Court accepts as true Plaintiff's allegation in the first amended complaint that he first submitted his administrative claim to the VA in or about February 2010, well within the two-year statute of limitations. (Doc. No. 7 ¶ 15.) See 28 U.S.C. § 2401(b).

8

person other than an agency, . . . [the agency must] make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes." Id. at 414 (quoting 5 U.S.C. § 552a(e)(6)). The Privacy Act also contains a "catchall" provision, recognizing a civil action "when someone suffers an 'adverse effect' from any other failure to hew to the terms of the Act." Chao, 540 U.S. at 619 (citing 5 U.S.C. § 552a(g)(1)(D)).

The Privacy Act requires that a plaintiff bring suit within "two years from the date on which the cause of action arises," 5 U.S.C. § 552a(g)(5), which generally occurs when the plaintiff "knows or has reason to know of the alleged violation," Oja v. U.S. Army Corps of Eng'rs, 440 F.3d 1122, 1135 (9th Cir. 2006) (quoting Rose v. United States, 905 F.2d 1257, 1259 (9th Cir. 1990)). Here, it is undisputed that Plaintiff became aware of the VA's disclosure of his medical and private information at some point in January 2010. (Doc. No. 7 ¶¶ 9-13.) Thus, because Plaintiff did not bring suit for the alleged Privacy Act violations until November 2017, his suit falls outside the Privacy Act's two-year statute of limitations. See 5 U.S.C. § 552a(g)(5). And although equitable tolling may be available to Privacy Act claimants, see Rouse, 567 F.3d at 416-17, Plaintiff has not asserted that he is entitled to equitable tolling or otherwise attempted to establish the elements generally required for equitable tolling—namely, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way," Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1052 (9th Cir. 2013) (citation omitted). Thus, as pleaded in the first amended complaint, Plaintiff's two Privacy Act claims are time-barred.

### III. Plaintiff's Request for Leave to Amend.

Plaintiff requests that, in the event of dismissal, the Court grant him leave to amend the first amended complaint. (Doc. No. 11 at 9.) Evaluating the propriety of this request, the Court considers several factors—"bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson, 356 F.3d at 1077. In this case, there is no indication of bad faith on Plaintiff's part, undue delay, or undue prejudice to Defendant. Moreover, at this point, Plaintiff has only amended his complaint once. With respect to Plaintiff's FTCA claim, the

Court finds that it is not clear that amendment would be futile, as Plaintiff could, for example, reframe his claim as one for medical malpractice based on the false AIDS diagnosis that the VA nurse, "Gary," allegedly provided. (See Doc. No. 7 ¶ 10.) The Ninth Circuit has held that Section 2680(h)'s misrepresentation exception does not foreclose medical malpractice claims as a matter of law. See Ramirez v. United States, 567 F.2d 854, 856-57 (9th Cir. 1977) (en banc). Accordingly, the Court grants Plaintiff leave to amend his negligence claim along these lines.

As for Plaintiff's two Privacy Act claims, the Court notes that Plaintiff's opposition does not address either of Defendant's arguments in favor of dismissal of these claims. (See Doc. No. 11.) Indeed, Plaintiff's opposition makes no mention of the Privacy Act claims at all. (Id.) It is not clear, however, that amendment of these claims would be futile, as Plaintiff could attempt to show that he is entitled to equitable tolling of the statute of limitations. Mindful of Rule 15(a)'s presumption in favor of granting leave to amend, the Court grants leave to amend the Privacy Act claims. See Eminence Capital, 316 F.3d at 1052.

## **CONCLUSION**

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss the first amended complaint. (Doc. No. 9.) The Court **DISMISSES** Plaintiff's two Privacy Act claims with leave to amend to address the statute of limitations issue. Plaintiff's negligence claim pursuant to the FTCA may proceed on a theory of operational error. If Plaintiff wishes to assert a medical malpractice claim, he must file an amended complaint.

Plaintiff must file any amended complaint on or before **February 16, 2018,** and Defendant will then have the opportunity to oppose it.

**IT IS SO ORDERED.**

DATED: January 17, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

10

17-cv-1016-H-BGS